UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* STOP ILLINOIS MARKETING FRAUD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADDUS HOME CARE CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 13 C 9059 <br><br> Judge Pallmeyer |

**RELATOR'S SHARE AGREEMENT**
**WITH THE UNITED STATES OF AMERICA**

This Relator's Share Agreement is entered into by and between the United States of America and relator Stop Illinois Marketing Fraud, LLC (Relator), through their respective counsel, and as preamble to this agreement the United States and Relator state:

**Preamble**

WHEREAS, the above-captioned complaint was filed by the Relator on behalf of the United States pursuant to 31 U.S.C. § 3730;

WHEREAS, defendant Addus Homecare Corporation and Relator have entered into a Settlement Agreement (Defendant's Settlement Agreement) resolving, among other matters, certain allegations in the complaint;

WHEREAS, under the terms of that Settlement Agreement, defendants has agreed to pay $288,000 to the United States and a relator's share of $112,000 to the Relator;

WHEREAS, the United States and the Relator mutually desire to make a full, complete, and final settlement of Relator's share of the Defendant's Settlement Agreement proceeds pursuant

to 31 U.S.C. § 3730(d)(1).

ACCORDINGLY, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants and obligations in this Relator's Share Agreement and the resolution of the claims set forth below, and for good and valuable consideration, receipt of which is by each acknowledged, the United States and Relator agree as follows:

**Terms and Conditions**

1. The United States agrees that the Relator shall be awarded $112,000 of the $400,000 settlement amount agreed upon by Relator and the settling defendant. Defendant will make this payment directly to Relator. The obligation to make this payment to the Relator is expressly conditioned on the receipt by the United States of the payment under the Defendant's Settlement Agreement. Should the defendant fail to make any payment required by that Agreement, no payment shall be made to the Relator.

2. Relator agrees that the Defendant's Settlement Agreement is fair, adequate, and reasonable under all circumstances, and will not challenge it pursuant to 31 U.S.C. §3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. Conditioned upon Relator's receipt of the payment described in Paragraph 1, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally releases, waives, and forever discharges the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of this civil action or under 31 U.S.C. § 3730 from any claims to a share of the proceeds of the Defendant's Settlement Agreement and/or the complaint.

4. Specifically excluded and reserved from those claims released under Paragraph 3 above is any dispute, claim, or defense which may arise between the Relator and the settling

defendant regarding attorneys fees or claims of the Relator under 31 U.S.C. § 3730(d)(1).

5. The United States and Relator agree that, if the Defendant's Settlement Agreement is held by the court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator's Share Agreement is null and void.

6. This Relator's Share Agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and shall bind assigns, successors-in-interest, or transferees of the United States and Relator.

7. Each of the signatories to this agreement represents that he or she has the full power and authority to enter into this Relator's Share Agreement.

8. This writing constitutes the entire agreement of the United States and Relator with respect to the subject matter of this Relator's Share Agreement and may not be modified, amended, or terminated except by a written agreement signed by the United States and Relator specifically referring to this agreement.

9. This Relator's Share Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

10. This Relator's Share Agreement is effective on the date of signature of the last signatory to the Agreement.

11. All parties consent to the United States' disclosure of this Relator's Share Agreement, and information about this Agreement, to the public.

## **RELATOR**

**THE UNITED STATES OF AMERICA**

Dated: _____

_____
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov

**RELATOR**

Dated: 9/24/19

_____
CHRISTOPHER L. NELSON
The Weiser Law Firm, P.C.
22 Cassatt Avenue
Berwyn, PA 19312

Dated: 9/26/19

_____
JOHN MININNO
Stop Illinois Marketing Fraud, LLC
475 White Horse Pike
Collingswood, NJ 08107

**THE UNITED STATES OF AMERICA**

Dated: 10/18/19

_____
LINDA A. WAWZENSKI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1994
linda.wawzenski@usdoj.gov